**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TRAVIS L. WARREN, Appellant, | DOCKET NUMBER DC-0752-14-0515-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, Agency. | DATE: September 29, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Omari O. Jackson, Esquire, Portsmouth, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On March 14, 2014, the appellant, a WG-10 pipefitter at the agency's Norfolk Naval Shipyard, filed this appeal of the agency's December 18, 2013 action, which placed him on an indefinite suspension for failure to meet a condition of his employment, i.e., his ineligibility to occupy a sensitive position. Initial Appeal File (IAF), Tab 1, Tab 4 at 8-19. Because the appellant filed his Board appeal more than 2 months after the effective date of his suspension, the agency moved to dismiss the appeal as untimely filed, *id.* at 5, and the appellant moved to consolidate the appeal with another he had filed with the Board on April 1, 2014,[2] IAF, Tab 6. In his initial decision, the administrative judge found

---

[2] The administrative judge denied the appellant's motion to consolidate the instant appeal with *Warren v. Department of the Navy*, MSPB Docket No. DC-0752-0565-I-1, because the imposition of an indefinite suspension, the subject of this appeal, and an agency's failure to terminate such a suspension after the condition subsequent has occurred, the subject of the appellant's other appeal, are separately reviewable agency actions. IAF, Tab 17, Initial Decision (ID) at 4 n.2 (citing *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381 (Fed. Cir. 2007)). The administrative judge also denied the appellant's motion to serve as a class representative. IAF, Tab 10; ID at 4 n.2. We find no reason to disturb the administrative judge's rulings on these motions.

that the appeal was untimely filed without good cause shown for the delay. *See* ID.

¶3    In his timely-filed petition for review, the appellant reiterates his argument that the agency misrepresented the basis for his indefinite suspension, which improperly influenced him to not file a Board appeal of the agency's action because he thought it would be futile. Petition for Review (PFR) File, Tab 1; *see* IAF, Tab 9 at 6-7. Specifically, the appellant argues that, contrary to the agency's assertions in the notice proposing his indefinite suspension, he had not yet been determined ineligible to occupy a sensitive position, and he "detrimentally relied on the agency's false statement that he had lost his security clearance and did not appeal the indefinite suspension to the Board." PFR File, Tab 1 at 5. The agency responds in opposition. PFR File, Tab 3.

¶4    Due to the appellant's choice to use annual leave, his suspension was made effective December 18, 2013. IAF, Tab 4 at 19, 22. With exceptions not applicable here, an appeal must be filed no later than 30 days after the effective date of the action being appealed. 5 C.F.R. § 1201.22(b)(1). Thus, when the appellant filed this appeal on March 14, 2014, IAF, Tab 1, it was 56 days late. To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *E.g.*, *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *E.g.*, *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5 In his initial decision, the administrative judge analyzed the appellant's assertions of good cause for his untimely filing in the context of the factors set forth above. ID at 6-10. He also explicitly disposed of the appellant's sole argument on review. ID at 9-10 (citing *Damaso v. Office of Personnel Management*, 86 M.S.P.R. 371, ¶ 5 (2000)); *see also Duff v. Department of the Army*, 68 M.S.P.R. 146, 149 (1995) (an employee's claim that he did not realize that he had good grounds for an appeal does not establish good cause for an untimely filing). If the appellant thought that the agency's basis for his indefinite suspension was not correct, then he could have filed an appeal, but we do not agree with his claim that the agency misled him into not filing one.

¶6 We instead agree with the administrative judge's finding that the agency "properly and expressly notified the appellant that he could file a Board appeal from the suspension and the appellant chose not to file." ID at 10. The appellant's discovery of new precedent after the expiration of the filing deadline, his discouragement about what he perceived as the likely outcome of an appeal, or the fact that others successfully advanced an argument that he chose not to pursue, does not establish good cause for his untimely filing. *See, e.g.*, *Olson v. Department of Agriculture*, 91 M.S.P.R. 525, ¶ 6 (2002).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.