## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PAMELA JOAN CHRISTIAN,<br>Appellant, | DOCKET NUMBER<br>PH-0752-15-0186-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: February 25, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pamela Joan Christian, Satellite Beach, Florida, pro se.

Jean-Paul A. Nasser, Esquire, Newport, Rhode Island, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her indefinite suspension as untimely filed without good cause shown. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective July 9, 2012, the agency indefinitely suspended the appellant from her position as a Scientist for failure to maintain a condition of employment after her access to classified material was suspended, pending adjudication by the Department of Navy Central Adjudication Facility (DONCAF). Initial Appeal File (IAF), Tab 1 at 11-14. On July 13, 2012, the appellant filed a grievance concerning her indefinite suspension, which was subsequently denied on August 3, 2012. *Id.* at 15-17. Also on August 3, 2012, DONCAF issued a notice of intent to revoke the appellant's security clearance and eligibility for assignment to a sensitive position. *Id.* at 20-21. On January 24, 2013, after considering the appellant's response to its notice of intent to revoke, DONCAF issued a final decision revoking the appellant's eligibility for a security clearance and assignment to a sensitive position. *Id.* at 26-27. On January 8, 2014, the Personnel Security Appeals Board denied the appellant's appeal and upheld the decision to revoke her security clearance. *Id.* at 29-33. Following the denial of her appeal, the appellant resigned from her position, effective January 30, 2014. *Id.* at 8.

¶3    On January 14, 2015, the appellant filed the instant appeal challenging her indefinite suspension.  IAF, Tab 1 at 3, 5.  The administrative judge issued a timeliness order informing the appellant that her appeal appeared to be untimely filed and directing her to file evidence and argument to prove either that her appeal was timely filed or that good cause existed for her untimely filing.  IAF, Tab 3 at 1-4.  In response, the appellant argued that good cause existed because, among other things, she did not learn that the agency violated her rights until August 20, 2014, when she learned of the Board's decision in *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516 (2014), and her hectic teaching schedule and recovery from substance abuse precluded her from researching her appeal until December 2014.  IAF, Tab 5 at 4-5; *see* IAF, Tab 1 at 5.

¶4    The agency filed a motion to dismiss the appeal for lack of jurisdiction because the appellant had previously elected to grieve her indefinite suspension.  IAF, Tab 11 at 6.  In response, the appellant argued that jurisdiction and timeliness were intertwined and reasserted her arguments that good cause existed for her untimely filing.  IAF, Tab 22 at 5-10.  Without addressing jurisdiction, the administrative judge dismissed the appeal as untimely filed without good cause for delay.  IAF, Tab 26, Initial Decision (ID).

¶5    The appellant has filed a petition for review in which she reiterates her arguments below and asserts that the administrative judge erred in finding that she failed to establish good cause for her untimely filing.  Petition for Review (PFR) File, Tab 1 at 4-12.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  An appellant bears the burden of proof on the issue of

timeliness.  5 C.F.R. § 1201.56(b)(2)(i)(B).  On review, the appellant does not dispute the administrative judge's finding that the relevant appealable adverse action is the imposition of her July 9, 2012 indefinite suspension.[2]  ID at 5. Accordingly, under the Board's regulations, the appellant was required to file her appeal on or before August 8, 2012, thirty days after the effective date of her indefinite suspension.[3]  5 C.F.R. § 1201.22(b)(1).  The appellant did not file an appeal until January 14, 2015, more than 2 years after the filing deadline.  IAF, Tab 1.

¶7    If an appellant fails to timely submit her appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing.  5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her claim.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8    In her petition for review, the appellant essentially reiterates the arguments she presented to the administrative judge.  PFR File, Tab 1 at 4-12; IAF, Tab 5

---

[2] Even if we construed her appeal as a challenge to the agency's continuation of her indefinite suspension until her resignation, effective January 30, 2014, *see Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381-82 (Fed. Cir. 2007), her appeal would be untimely by more than 11 months, and we would find no good cause for this significant delay for the reasons set forth *infra* ¶¶ 8-12.

[3] The appellant does not contend that she received the agency's decision dated July 2, 2012, after July 9, 2012.  IAF, Tab 1 at 11.

at 4-5, Tab 16 at 4-5, Tab 22 at 4-10. After considering her arguments, as set forth below, we agree with the administrative judge that the appellant failed to establish good cause for her untimely appeal.

¶9 We agree with the administrative judge that the agency's decision letter properly notified the appellant that she could appeal her indefinite suspension and that the appellant chose not to file a Board appeal. ID at 5; IAF, Tab 1 at 13-14. Thus, we find unavailing the appellant's arguments on review concerning the agency's alleged failure to provide her with notice of her Board appeal rights.[4] PFR File, Tab 1 at 8-9. We further agree with the administrative judge that the fact that the appellant did not realize that she had grounds for an appeal, her discovery of new precedent after the expiration of the filing deadline, or the fact that another appellant successfully advanced an argument that she chose not to pursue, do not establish good cause for her untimely filing. ID at 5-6; *see Olson v. Department of Agriculture*, 91 M.S.P.R. 525, ¶ 6 (2002); *Burkhalter v. Department of the Air Force*, 50 M.S.P.R. 190, 192 (1991), *aff'd*, 956 F.2d 1173 (Fed. Cir. 1992) (Table).

¶10 The appellant argues that, in finding that she failed to establish good cause, the administrative judge improperly relied on cases involving untimely petitions for review instead of an untimely initial appeal, as is the case here. PFR File,

---

[4] We find the appellant's arguments regarding the agency's failure to provide her with documentation or inform her that she had a right to a further appeal or arbitration in connection with her grievance of her indefinite suspension are immaterial to her failure to timely appeal her indefinite suspension to the Board. PFR File, Tab 1 at 8-9. We also find that the Board lacks jurisdiction over this appeal as a request for review of the agency's decision concerning the appellant's grievance. The record reflects that no final grievance decision was issued because, although contemplated by the applicable negotiated grievance procedures, the union did not invoke arbitration following the commanding officer's decision denying the appellant's grievance. IAF, Tab 1 at 15-17, Tab 22 at 7, Tab 25 at 18-20; *see* 5 U.S.C. § 7121(d) (providing the Board with jurisdiction to review final grievance decisions under certain circumstances); *Parks v. Smithsonian Institution*, 39 M.S.P.R. 346, 349 (1988) (explaining that a final decision, which is appealable to the Board under 5 U.S.C. § 7121(d), is the arbitrator's decision in cases where the grievance procedure provides for arbitration as the last resort).

Tab 1 at 5-6. However, the administrative judge's reliance on such cases was not in error because the Board may waive its regulatory filing time for good cause shown in either circumstance, applying the same factors set forth in *Moorman*, 68 M.S.P.R. at 62-63. *See* 5 C.F.R. §§ 1201.22(c), 1201.114(g). *Compare Marcantel*, 121 M.S.P.R. 330, ¶ 10 (setting forth the Board's analysis regarding waiver of the time limit for filing an initial appeal), *with Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶¶ 4-5 (2014) (setting forth the Board's analysis regarding waiver of the time limit for filing a petition for review).

¶11    The appellant also contends that the administrative judge erred in failing to consider the stress and burden of her new job as a teacher in conjunction with her recovery from alcoholism. PFR File, Tab 1 at 9. She further asserts that the administrative judge ignored her medical documentation, which established that her alcoholism prevented her from filing her appeal from August 2014 to January 2015. *Id.* at 10-11. We agree with the administrative judge that the appellant's personal difficulties are insufficient to establish good cause for the delay in filing. ID at 6-7. Additionally, contrary to the appellant's argument, the administrative judge did consider her medical documentation, but found that it did not establish that her recovery caused any delay. ID at 7. We discern no error in the administrative judge's analysis. The appellant has not explained how her illness prevented her from filing a Board appeal and her medical documentation submitted below is not dated during and does not reference the relevant time period. IAF, Tab 22 at 11-13; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

¶12    The appellant also argues that the administrative judge failed to consider the complexity of this appeal and points to the fact that, following her filing of the appeal, she was ordered to provide three responses on jurisdiction and timeliness. PFR File, Tab 1 at 9-10. Such arguments, however, fail to explain her delay in filing the appeal in the first instance. Similarly, the appellant argues that the administrative judge failed to consider the agency's "grossly delayed"

decision time frame on her security clearance, which somehow prejudiced her and constituted good cause for delay. *Id.* at 8, 11-12. However, it is not clear how the agency's adjudication of her security clearance affected the deadline for appealing her indefinite suspension.

¶13      Finally, the appellant argues that the administrative judge erred in determining that timeliness and jurisdiction are not intertwined and in dismissing the appeal as untimely filed without first addressing jurisdiction. *Id.* at 4-6. An administrative judge may dismiss an appeal as untimely filed without addressing jurisdiction if the record on timeliness is sufficiently developed and shows no good cause for the untimely filing. *Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶ 6 (2006). Such an approach is not appropriate where the issues of jurisdiction and timeliness are "inextricably intertwined," that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Hanna*, 101 M.S.P.R. 461, ¶ 6. Here, it is undisputed that the appellant was subjected to an appealable action, her July 9, 2012 indefinite suspension, and that the agency provided her with notice of her Board appeal rights in connection with that action. Thus, there is no merit to the appellant's claim that the agency's alleged failure to provide her with notice of her Board appeal rights excuses her untimely appeal and the issues of jurisdiction and timeliness are not intertwined. *Cf. Parkinson v. Department of Justice*, 70 M.S.P.R. 316, 318-19. Accordingly, the administrative judge did not err in dismissing the appeal as untimely filed without good cause for delay.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:        _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.