UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GWENDOLYN G. THOMPSON,
            Appellant,

            v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
AT-0752-11-0891-I-4

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Samuel L. Lovett, Sr., Atlanta, Georgia, for the appellant.

Christopher Pearson, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision concerning the alleged improper continuation of an indefinite suspension based on medical inability to perform the duties of her position.  Based on the result of a prior Board appeal finding that the suspension was not properly imposed at the outset, the initial decision reversed the suspension for the contested continuation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

period at issue in this appeal. The initial decision further found that the appellant had failed to prove her affirmative defenses of retaliation for equal employment opportunity (EEO) activity and discrimination based on race, sex, and disability.

¶2 Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

¶3 After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision's findings that the appellant failed to prove her affirmative defenses of retaliation for EEO activity and discrimination based on race and sex. We VACATE the portion of the initial decision addressing the appellant's disability discrimination claim and FIND that the appellant failed to establish this claim for the reasons set forth in this Order. We further FIND that any relief the appellant could receive in this matter would be duplicative of the relief previously ordered by the Board in its final order resolving the prior appeal regarding the imposition of this indefinite suspension. Because the appellant is not entitled to any additional relief, we VACATE the initial decision's duplicative order to reverse the continuation of this already cancelled suspension, and we DISMISS this appeal as moot. Except as expressly MODIFIED by this final order, we AFFIRM the findings in the initial decision.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4  The agency suspended the appellant based on her alleged medical inability to perform the duties of her position as a Supervisor, Maintenance Operations, at the agency's Atlanta Bulk Mail Center. She filed an appeal regarding the imposition of the suspension, *Thompson v. U.S. Postal Service*, MSPB Docket No. AT-0752-09-0883-I-1, and, while that appeal was pending, she initiated this separate matter concerning the allegedly discriminatory and improper continuation of her suspension.[2] In its final order in the appeal regarding the imposition of the suspension, the Board ordered the agency to cancel the appellant's suspension and pay her the correct amount of back pay, interest on back pay, and other benefits. *Thompson v. U.S. Postal Service*, MSPB Docket No. AT-0752-09-0883-I-1, Final Order (Apr. 30, 2014).

¶5  The administrative judge concluded that, under the doctrine of law of the case, the Board's final order required entry of a similar order in this appeal cancelling the suspension and ordering the agency to pay the appellant the appropriate amount of back pay, interest on back pay, and other benefits. *Thompson v. U.S. Postal Service*, MSPB Docket No. AT-0752-11-0891-I-4, Appeal File, Tab 18, Initial Decision (ID) at 3, 12. The administrative judge noted, however, that the appellant already may have received all of the relief to which she is entitled as a result of the relief afforded in connection with her prior appeal.[3] ID at 12. The administrative judge further found that the appellant

---

[2] The imposition of an indefinite suspension and the failure to terminate that suspension after the condition subsequent has occurred are separately reviewable agency actions. *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381 (Fed. Cir. 2007); *Arrieta v. Department of Homeland Security*, 108 M.S.P.R. 372, ¶ 9 (2008).

[3] The appellant also filed a petition for enforcement of the Board's April 30, 2014 final order with the regional office. The administrative judge denied the appellant's petition and found that the appellant was not entitled to relief after the date of a post-suspension fitness-for-duty examination showing that she was medically unable to perform the duties of her position. *Thompson v. U.S. Postal Service*, MSPB Docket No. AT-0752-09-0883-C-1, Initial Decision (Sept. 3, 2015).

failed to prove, and thus was not entitled to further relief regarding, her claims in this appeal of discrimination (disability, race, and sex) and retaliation for prior EEO activity.  ID at 4-11.

¶6    The appellant has filed a petition for review on the grounds that the administrative judge was biased and erroneously concluded that she failed to prove her disability discrimination claim.[4]  Petition for Review (PFR) File, Tab 1. She requests that the Board rule that the initial decision in this matter is a "moot issue" or modify the initial decision to clarify that she is entitled to relief for the entire period of her suspension.  *Id.* at 1.  The agency has filed an opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply in which, among other things, she refers to evidence already in the record from her treating physician addressing her ability to work in her position, PFR File, Tab 4.

¶7    We have considered the appellant's claim that the administrative judge was biased but find no basis for disturbing the initial decision.  As a preliminary matter, a party should not wait until after adjudication is complete to attempt to disqualify an administrative judge.  *E.g.*, *Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000); 5 C.F.R. § 1201.42(b).  The appellant did not follow the regulatory procedures for disqualifying the administrative judge based on alleged bias in his predecisional handling of the case. *See* 5 C.F.R. § 1201.42(b)−(c).  Further, the administrative judge's findings do not establish any bias.  *See Gensburg*, 85 M.S.P.R. 198, ¶ 6; *see also Bieber v. Department of the Army*, 287 F.3d 1358, 1362−63 (Fed. Cir. 2002) (stating that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The

---

[4]  The appellant has not alleged any error in the administrative judge's findings regarding her claims of race discrimination, sex discrimination, and retaliation for EEO activity, and we find no reason to disturb those findings.  ID at 10-11.

appellant argues that the administrative judge is "attempting to take away back pay from [her]," and we note that the administrative judge issued a separate decision denying her petition for enforcement of the Board's final order. PFR File, Tab 1 at 2-3. As explained in our separate decision upholding the administrative judge's decision in the compliance proceeding, *Thompson v. U.S. Postal Service*, AT-0752-09-0883-C-1, Final Order (Sept. 9, 2016), we find that the appellant has failed to establish bias in the administrative judge's handling of that proceeding.[5] Having reviewed the record in this matter, we find the appellant's assertions of bias insufficient to overcome the presumption of honesty and integrity that is properly afforded the Board's administrative judges. *See Gensburg*, 85 M.S.P.R. 198, ¶ 7.

¶8    We further find that the appellant has failed to prove her disability discrimination claim in connection with the contested continuation of her suspension.[6] The appellant asserts that, at all relevant times, she was able to perform the duties of her position but that the agency unlawfully suspended her based on its incorrect perception that she could not perform the duties of her position based on her medical diagnosis.[7] *E.g.*, PFR File, Tab 1 at 9-10. The Americans with Disabilities Act Amendments Act of 2008 (ADAAA) defines a

---

[5] To the extent that the appellant is otherwise alleging error in the administrative judge's compliance initial decision, her arguments show no reversible error in the initial decision in this case, and we have addressed her arguments regarding the scope of relief in our separate decision denying the appellant's petition for review in the compliance matter.

[6] The appellant did not raise any discrimination claims in her prior appeal regarding the imposition of the indefinite suspension, and we find that her arguments on review regarding the allegedly discriminatory decision to initiate her suspension are beyond the scope of this appeal. *E.g.*, PFR File, Tab 1 at 6.

[7] The appellant has argued both failure to accommodate and disparate treatment theories of disability discrimination. *E.g.*, PFR File, Tab 1 at 7-10. An employee who is found to be "disabled" solely under the "regarded as" theory is not entitled to reasonable accommodation. *Alford v. Department of Defense*, 118 M.S.P.R. 556, ¶ 10 n.6 (2012); 29 C.F.R. § 1630.2(o)(4).

"disability," in relevant part, as "a physical or mental impairment that substantially limits one or more major life activities" or "[b]eing regarded as having such an impairment." 42 U.S.C. § 12102(A), (C); *see* 29 C.F.R. § 1630.2(g)(1)(i), (iii). The ADAAA and regulations issued by the Equal Employment Opportunity Commission explain that "regarded as having such an impairment" means that "the individual has been subjected to an action prohibited by the [Americans with Disabilities Act (ADA)] as amended because of an actual or perceived impairment that is not both 'transitory and minor.'" 42 U.S.C. § 12102(3); 29 C.F.R. § 1630.2(g)(1)(iii); *see* 29 C.F.R. § 1630.2(*l*)(2).

¶9 "Establishing that an individual is 'regarded as having such an impairment' does not, by itself, establish liability." 29 C.F.R. § 1630.2(*l*)(3). Rather, liability under title 1 of the ADA is established "only when an individual proves that a covered entity discriminated on the basis of disability within the meaning of section 102 of the ADA, 42 U.S.C. 12112." 29 C.F.R. § 1630.2(*l*)(3). That provision of the ADA provides that "[n]o covered entity shall discriminate against a *qualified* individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (emphasis added). Subject to certain exceptions not relevant here, "[t]he term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, *with or without reasonable accommodation, can perform the essential functions of such position*." 29 C.F.R. § 1630.2(m) (emphasis added).

¶10 The administrative judge concluded that the appellant failed to show that she was a "'qualified' disabled person who, with or without reasonable accommodation, could perform the essential duties of her position." ID at 7. In doing so, he considered the record evidence, including conflicting medical

opinions offered based on the results of her post-suspension fitness-for-duty examination and subsequent medical certificates from the appellant's neurologist. ID at 7-8. He found that the certificates upon which the appellant relied were "entirely conclusory" and "devoid of any medical documentation or explanation." ID at 8. In contrast, the administrative judge found that the testimony and medical opinions relied upon by the agency explained how her medical condition rendered her unable to safely perform the specific work requirements of her position, with or without accommodation. *Id.*; *Thompson*, MSPB Docket No. AT-0752-09-0883-I-1, Initial Appeal File, Tab 10, Exhibits M-N. Although the appellant has disputed this evidence, we agree with the administrative judge's findings that it was more detailed and reliable than the other conclusory opinions cited by the appellant to demonstrate that she was fit for duty in this position. ID at 7-8. Thus, we find that the record does not support the appellant's claim that the agency was continuing her suspension based on a diagnosis alone without due consideration of whether she could safely perform the duties of her particular position. PFR File, Tab 1 at 9-10. We further find that the agency properly refused to return the appellant to work absent further information from the appellant establishing that she was fit for duty with or without reasonable accommodation. *Cf. Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶ 14, 19 (2015) (finding that the agency had the right to prevent the appellant from returning to work in the absence of proper medical documentation under its regulations), *aff'd*, No. 2015-3102, 2016 WL 4363176 (Fed. Cir. Aug. 16, 2016); *Norrington v. Department of the Air Force*, 83 M.S.P.R. 23, ¶¶ 10-13 (1999) (finding that the appellant's work releases were not sufficient to show that he was fit to return to duty). Thus, we find that the appellant has failed to prove her claim of disability discrimination.

¶11     The Board previously ordered the agency to cancel the indefinite suspension at issue here, pay the appellant appropriate back pay and interest, and provide other appropriate benefits. *Thompson*, MSPB Docket No. AT-0752-09-0883-I-1,

Final Order at 8.  We conclude, in light of our findings denying the appellant's claims of discrimination, that she is not entitled to any further relief as a result of this appeal.  The appellant's arguments regarding the appropriate scope of her available relief have been fully adjudicated in her petition for enforcement of the Board's April 30, 2014 final order.  Accordingly, because there is no further relief that could be provided, this appeal is dismissed as moot.  *See Harris v. Department of the Air Force*, 100 M.S.P.R. 452, ¶ 11 (2005).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 U.S.C. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C.  § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                            _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.