# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

TREVOR MCCARDLE,[1]
      Appellant,

    v.

EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION,
      Agency.

DOCKET NUMBER
SF-0752-15-0496-I-1

DATE: January 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Cori M. Cohen, Esquire, Stephanie M. Herrera, Esquire and Holly V. Franson, Esquire, Silver Spring, Maryland, for the appellant.

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Leroy T. Jenkins, Jr., Washington, D.C., for the agency.

---

[1] The Board took official notice that Mr. McCardle died on August 4, 2019, while the petition for review and cross petition for review were pending, and it issued a show cause order that invited the parties to file a motion for substitution. Petition for Review File, Tab 26. No motion for substitution was filed in this matter. Nevertheless, because the substantive issues were fully briefed before the appellant passed away, and we dismiss the appeal as moot, we need not take any further action pursuant to 5 C.F.R. § 1201.35.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of an initial decision that reversed the agency's continuation of the indefinite suspension and found that the appellant did not prove his affirmative defenses of a Fourth Amendment violation and reprisal for whistleblowing and equal employment opportunity (EEO) activity.  Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

¶2      After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review.  We AFFIRM the administrative judge's conclusion that the agency should have terminated the suspension after it received the May 21, 2015 fitness-for-duty report.  We AFFIRM as MODIFIED the administrative judge's finding that the appellant did not prove his affirmative defenses of reprisal for whistleblowing and EEO activity.  We further MODIFY

the initial decision to discuss the agency's contention regarding the appellant's subsequent U.S. district court complaint and to supplement the administrative judge's analysis of the reprisal claims, but we find that a different outcome is not warranted. We FIND that any relief that the appellant could receive in this matter would be duplicative of the relief previously ordered by the Board in its final order resolving the prior appeal concerning the imposition of this indefinite suspension. Because the appellant is not entitled to any additional relief, we VACATE the administrative judge's duplicative order to reverse the continuation of this already canceled suspension, and we DISMISS this appeal as MOOT. Except as expressly MODIFIED by this Final Order, we AFFIRM the findings in the initial decision.

## BACKGROUND

The agency indefinitely suspended the appellant, effective December 28, 2014, because of its concern that he was not fit for duty as a Paralegal Specialist, and he filed an appeal regarding the imposition of the suspension, *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1. While that appeal was pending, the appellant initiated this separate appeal on April 20, 2015, concerning the improper continuation of that suspension after the agency received, among other things, a second letter from his treating psychiatrist, which stated that the appellant did not pose a threat to himself or others.[3] *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0496-I-1, Initial Appeal File (IAF), Tab 1. The Board issued a final order regarding the imposition of the indefinite suspension, which ordered the agency to rescind the appellant's suspension and to pay him the correct amount of back pay, interest on back pay, and other benefits. *McCardle v.*

---

[3] Our reviewing court has held that the imposition of an indefinite suspension and the failure to terminate that suspension after satisfaction of the condition subsequent are separately reviewable actions. *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381 (Fed. Cir. 2007).

*Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-15-0230-I-1, Final Order, ¶¶ 11, 40-41 (Jan. 6, 2023). The Board also modified the initial decision to supplement the administrative judge's analysis of the appellant's affirmative defenses of reprisal for whistleblowing and EEO activity, still concluding that the appellant did not prove either of these reprisal claims. *Id.*, ¶¶ 12-34.

¶4      The appellant withdrew his hearing request in this matter. IAF, Tabs 38, 42.[4] The administrative judge issued an initial decision finding, in pertinent part, that, even if the agency's imposition of the indefinite suspension was valid, the agency was required to terminate the suspension when it received a May 21, 2015 fitness-for-duty (FFD) narrative report because it satisfied the condition subsequent set forth in the proposal notice. IAF, Tab 50, Initial Decision (ID) at 8-9; IAF, Tab 7 at 48-49, Tab 15 at 19-30. The administrative judge alternatively found that the action could not be sustained on due process grounds. ID at 9. The administrative judge further found that the appellant did not prove his affirmative defenses of a Fourth Amendment violation and reprisal. ID at 10-18.[5] The administrative judge also issued the same order as he did in the initial decision in the appeal involving the imposition of the indefinite suspension, which canceled the underlying suspension and directed the agency to

---

[4] The agency subsequently removed the appellant and, after he appealed, the administrative judge sustained the agency's action. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-0752-16-0689-I-3. The appellant also filed an individual right of action appeal in which the administrative judge denied his request for corrective action. *McCardle v. Equal Employment Opportunity Commission*, MSPB Docket No. SF-1221-17-0270-W-2. The appellant petitioned for review of both of those initial decisions. The Board issued an initial decision in MSPB Docket No. SF-0752-16-0689-I-3 on December 7, 2022, and will issue a separate decision in MSPB Docket No. SF-1221-17-0270-W-2.

[5] The appellant's claim of a Fourth Amendment violation involved the search of his office and discovery of the box cutter in his backpack. ID at 17-18. The appellant does not challenge the administrative judge's conclusion that he did not prove this claim, and we affirm it herein.

restore the appellant, effective December 28, 2014, and pay him back pay and associated benefits. ID at 18.

¶5      The agency has filed a petition for review, the appellant has filed a response, and the agency has filed a reply brief. Petition for Review (PFR) File, Tabs 1, 3, 10. The appellant has filed a cross petition for review, the agency has filed a response, and, with the Board's permission, the appellant has filed a reply brief. PFR File, Tabs 8, 12, 15, 18, 20, 22.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      In its petition for review, the agency argues that the administrative judge made the following mistakes: (1) he erred when he found that the agency should have terminated the indefinite suspension after receiving the FFD report; (2) he failed to address the preclusive effect of the appellant's subsequent U.S. district court matter; and (3) he erred when he found that the agency violated the appellant's due process rights. PFR File, Tab 1 at 4-6, 18-20, 23-30.[6] In his cross petition for review, the appellant asserts that the administrative judge wrongly decided his reprisal affirmative defenses and failed to address his disability discrimination claim. PFR File, Tab 12 at 4-5, 14-33.

<u>We affirm the administrative judge's finding that the agency improperly continued the indefinite suspension beyond its receipt of the May 21, 2015 FFD report.</u>

¶7      The U.S. Court of Appeals for the Federal Circuit has held that the Board's role in an appeal alleging an impermissible continuation of an indefinite suspension is limited to reviewing whether the condition subsequent identified by the agency occurred and whether the agency acted within a reasonable amount of time to terminate the suspension following the satisfaction of the condition

---

[6] To the extent that the administrative judge made findings in the initial decision regarding the propriety of the imposition of the indefinite suspension, and the agency challenges those findings on review, we have addressed this issue in our final order in the 0230 appeal, and we need not discuss it herein.

subsequent. *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380-81 (Fed. Cir. 2007). For the reasons described in the initial decision, we agree with the administrative judge that, even if the indefinite suspension was valid when imposed, the agency was required to terminate the suspension once it received the detailed FFD narrative report because the appellant satisfied the condition subsequent identified in the proposal notice. ID at 2-9. Indeed, the deciding official, who was also the agency official responsible for determining if and when the appellant could return to work, conceded in her deposition that the doctor who wrote the FFD report performed psychological testing, answered all of the questions that the agency proffered in its medical questionnaire, and concluded that the appellant was not a threat to himself or others. IAF, Tab 45 at 501, 519-21 (deposition testimony of the deciding official).

¶8      In its petition for review, the agency asserts that it was justified in continuing the suspension beyond its receipt of the FFD report because it "discovered" during this period that the appellant had "engaged in repeated and serious misconduct," which ultimately led to his removal. PFR File, Tab 1 at 23-24 & n.23. Any new information obtained by the agency during this period may have justified additional action against the appellant, but it does not justify the agency's refusal to terminate the indefinite suspension upon satisfaction of the condition subsequent.[7]

**The appellant did not prove his affirmative defense of reprisal for whistleblowing disclosures or other protected activity under 5 U.S.C. § 2302(b)(8)-(9).**

¶9      Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), an appellant asserting an affirmative defense of reprisal for whistleblowing or other

---

[7] Because we affirm the administrative judge's finding that the agency improperly continued the indefinite suspension after its receipt of the FFD report, we need not address the agency's due process arguments on review.

protected activity must show, by preponderant evidence,[8] that he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) or engaged in protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D)[9] and the disclosure or protected activity was a contributing factor in the personnel action(s). *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015); *see* 5 U.S.C. § 1221(e)(1). If the appellant establishes a prima facie case of such reprisal, then the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action(s) absent any whistleblowing disclosure or protected activity. *Ayers*, 123 M.S.P.R. 11, ¶ 12; *Alarid*, 122 M.S.P.R. 600, ¶ 12; *see* 5 U.S.C. § 1221(e)(2).

¶10  As he did in the appeal involving the imposition of the indefinite suspension, the appellant asserted below that his September 19, 2014 email, entitled "Help Needed–EEOC Los Angeles Legal Unit Under Poor Management," contained protected disclosures. IAF, Tab 45 at 19-22. The administrative judge determined that the email was related to his EEO matters, was covered by 5 U.S.C. § 2302(b)(1) and (b)(9), and therefore was excluded from coverage under 5 U.S.C. § 2302(b)(8). ID at 10-12. The administrative judge should have considered whether the appellant established reprisal for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), which prohibits reprisal for the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation regarding remedying a violation of 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a), (e); *see Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7

---

[8] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[9] Subsections 2302(b)(9)(B), (C), and (D) are not implicated by the facts of this appeal.

(2014).[10]   Because the administrative judge did not discuss the potential applicability of the WPEA, and section 2302(b)(9)(A)(i) in particular, we modify the initial decision to supplement his analysis of this claim.

¶11    We incorporate by reference our analysis and conclusion in the 0230 final order that the appellant's September 19, 2014 email contained a disclosure of information that he reasonably believed evidenced a violation of any law, rule, or regulation, and was protected by 5 U.S.C. § 2302(b)(8), but it did not constitute activity protected by section 2302(b)(9)(A)(i).  We further find that the appellant demonstrated that his disclosure was a contributing factor in the agency's decision to continue the indefinite suspension because the email was sent to the entire agency and the agency did not terminate the suspension after it received the FFD report or at any time prior to the October 16, 2015 removal.  *See Inman v. Department of Veterans Affairs*, 112 M.S.P.R. 280, ¶ 12 (2009) (holding that 12–15 months can satisfy the timing element of the knowledge/timing test for showing that a disclosure was a contributing factor in a personnel action). Having found that the appellant satisfied his prima facie burden, we must now evaluate whether the agency proved by clear and convincing evidence[11] that it would have continued the suspension after it received the FFD report in the absence of the September 19, 2014 email.

¶12    We have considered the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers or

[10] Although the appellant did not explicitly assert below that this email constituted protected activity pursuant to 5 U.S.C. § 2302(b)(9)(A)(i), we agree that he alleged sufficient facts below to warrant consideration of such a claim under section "2302(b)(9)(A)."  PFR File, Tab 12 at 28 n.10.

[11] Clear and convincing evidence "is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established." 5 C.F.R. § 1209.4(e).

who did not engage in protected activity but who are otherwise similarly situated. *Carr v. Social Security Administration*, [185 F.3d 1318](#), 1323 (Fed. Cir. 1999); *Alarid*, [122 M.S.P.R. 600](#), ¶ 14. Consistent with the Federal Circuit's guidance, we have considered all of the pertinent evidence. *Whitmore v. Department of Labor*, [680 F.3d 1353](#), 1358 (Fed. Cir. 2012). For the following reasons, we find that the *Carr* factors weigh in the appellant's favor.

¶13        Because the deciding official essentially conceded that the FFD report satisfied the condition subsequent set forth in the proposal notice, and we have affirmed the administrative judge's conclusion that the condition subsequent for terminating the suspension was satisfied after the agency received the FFD report, *supra* ¶ 7, we find that the agency's evidence in support of its action is weak. Concerning the existence and the strength of the agency's motive to retaliate, the September 19, 2014 email identified and criticized various agency officials, including the official who proposed to indefinite suspend the appellant. *See*, *e.g.*, *Whitmore*, 680 F.3d at 1370 ("Those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees."). Finally, the parties acknowledge that the agency did not proffer any evidence regarding the third *Carr* factor. PFR File, Tab 12 at 33, Tab 15 at 32. To the extent evidence on *Carr* factor 3 exists, the agency is required to come forward with all reasonably pertinent evidence; the failure to do so may be at the agency's peril. *Whitmore*, 680 F.3d at 1374. Absent relevant comparator evidence, *Carr* factor 3 cannot weigh in favor of the Government. *Siler v. Environmental Protection Agency*, [908 F.3d 1291](#), 1299 (Fed. Cir. 2018). We find, therefore, that *Carr* factor 3 weighs against the agency.

¶14        Our examination of the *Carr* factors, however, does not provide adequate context for understanding the agency's decision to continue the suspension beyond its receipt of the FFD report. The court has held that *Carr* factors are

"nonexclusive," *Smith v. General Services Administration*, [930 F.3d 1359](), 1365 (Fed. Cir. 2019), and, therefore, we have considered the totality of the circumstances in this matter. We find that the agency proved by clear and convincing evidence that it would have continued the indefinite suspension after it received the FFD report. The deciding official testified during her deposition that after she received the FFD report, she learned that the agency had initiated an investigation into serious allegations of misconduct against the appellant, which ultimately led to his removal. IAF, Tab 45 at 527-31, 553-59 (deposition testimony of the deciding official). She stated that the investigation involved allegations that the appellant maintained a "journal" or "novel" on the agency shared drive that discussed "vulgar" topics such as rape, sodomy, and violence against children. *Id.* at 554-56 (deposition testimony of the deciding official). The deciding official further testified that the agency was also investigating whether the appellant misused Accurint, Lexus, and Westlaw, which the deciding official characterized as "fraud." *Id.* at 554, 558-59 (deposition testimony of the deciding official). The deciding official testified that she found it "disconcerting that someone would put really negative or vulgar material . . . on a share[d] drive, which would suggest [that someone] want[ed] other people to see it." *Id.* at 555 (deposition testimony of the deciding official). The deciding official testified that she was waiting on the results of this investigation and a report from a Federal Occupational Health psychiatrist before she made a decision regarding the appellant's return to work. *Id.* at 531 (deposition testimony of the deciding official). The deciding official explained that she continued the appellant's indefinite suspension after receiving the FFD report because she had "concerns about his ability to work with people in the workplace" and she was "not comfortable returning him to work until [she felt] that he [was] not a risk." *Id.* at 544, 546 (deposition testimony of the deciding official). The serious nature of the additional allegations against the appellant explains the agency's concern about returning him to the workplace, notwithstanding the conclusions in the FFD

report. Under these circumstances, we are left with a firm belief that the agency would have continued the suspension beyond its receipt of the FFD report absent the appellant's September 19, 2014 email.[12]

¶15    For the first time on review, the appellant asserts that a January 2, 2014 email sent by an agency administrative judge to the Inspector General "on [his] behalf" constituted "protected whistleblowing activity." PFR File, Tab 1 at 13 n.3, 27. The appellant did not identify this correspondence as part of his claim of reprisal for whistleblowing in his prehearing submission or closing brief below, IAF, Tabs 24, 45, and we could not independently find this correspondence in the record. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not met this burden, and we will not further consider this argument on review.

The appellant did not prove his affirmative defense of reprisal for EEO activity.

¶16    The administrative judge determined that the appellant failed to present any direct evidence to support his contention that his July 12, 2013 EEO complaint was a motivating factor in the agency's decision to continue the suspension, he did not show a "convincing mosaic" of reprisal, and he did not provide comparator evidence or other circumstantial evidence of pretext. ID at 12-17 (discussing *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 36-37, 41-42, 48-49, 51 (2015), *overruled on other grounds by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 25)); IAF, Tab 44 at 107-08.

¶17    Since the initial decision was issued, the Board has clarified that *Savage* does not require administrative judges to separate direct from circumstantial evidence or to require appellants to demonstrate a convincing mosaic to support a

---

[12] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

retaliation claim; rather, the Board reiterated that the dispositive inquiry was whether the appellant proved by preponderant evidence that the prior EEO activity was a motivating factor in the contested personnel action. *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 29-30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24. We modify the initial decision to apply the standard identified in *Gardner* and to supplement the administrative judge's analysis of this claim consistent with the following discussion.[13]

¶18     We find that the appellant has met his burden to show that his EEO complaint was a motivating factor in the agency's decision to continue the suspension. Importantly, the deciding official testified in her deposition that she was aware of his EEO complaint when she imposed the suspension, IAF, Tab 31 at 140-41 (deposition testimony of the deciding official), and she did not terminate the suspension when she received the FFD report, approximately 5-6 months later.

¶19     Turning to the next part of our analysis, Title VII of the Civil Rights Act of 1964, as amended, requires that such actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). As noted above, the appellant may prove an affirmative defense under this subsection by showing that prohibited discrimination or reprisal was a motivating factor in the contested personnel action, meaning that discrimination or reprisal played "any part" in the agency's action. *Pridgen*, 2022 MSPB 31, ¶ 21. In *Pridgen*, the Board clarified that an appellant who proves motivating factor and nothing more may be entitled to injunctive or other "forward-looking relief," but to obtain the full measure of relief under the statute, including status

---

[13] On review, the appellant appears to challenge only the administrative judge's analysis of his claim of reprisal for EEO activity in the context of the agency's decision to "place him on indefinite suspension," not regarding the continuation of the indefinite suspension. PFR File, Tab 12 at 24. We assume that the appellant's references to the imposition of the indefinite suspension were typographical errors, and thus, he intended to state that he proved that his EEO complaint was a motivating factor in the agency's decision to continue the indefinite suspension.

quo ante relief, compensatory damages, or other forms of relief related to the end result employment decision, he must show that discrimination or reprisal was a "but-for" cause of the action. *Id.*, ¶¶ 20-22 (citing *Babb v. Wilkie*, 140 S. Ct. 1168, 1171, 1177-78 (2020)).

¶20    The U.S. Supreme Court has explained that "a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1739 (2020). Here, if we eliminate the agency's consideration of the appellant's EEO complaint, it is apparent that the agency would have continued the indefinite suspension because of, among other things, the pending investigation into additional allegations of serious misconduct against the appellant, and the concerns expressed by the deciding official regarding whether he posed a risk if he was returned to the workplace.[14] Because we find that the outcome would be the same without considering his prior EEO complaint, we further conclude that the appellant has failed to prove that his EEO complaint was a but-for cause of the continuation of the indefinite suspension.

¶21    We further modify the initial decision to discuss the appellant's contention that his September 19, 2014 email, discussed above, also constituted protected EEO activity. PFR File, Tab 12 at 24-26. The deciding official's reference in the decision letter to the September 19, 2014 email and the negative effect that it caused in the workplace, IAF, Tab 7 at 22, satisfies the appellant's burden to show that the email was a motivating factor in the agency's decision to continue

---

[14] The deciding official testified that she considered the fact that the Federal Protective Service found a box cutter in the appellant's possession at work in her decision to indefinitely suspend him, but it was not critical to her decision because the appellant's explanation, that he may need it for his bicycle, "made some sense" and was "a legitimate reason." IAF, Tab 31 at 139 (deposition testimony of the deciding official). Likewise, we accord the discovery of the box cutter little weight in our analysis.

the indefinite suspension,[15] *see, e.g.*, *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 22 (2013) (finding that the deciding official's statements regarding the effect of the appellant's inability to fulfill his duties on the efficiency of the organization constituted evidence of a discriminatory motive), *overruled on other grounds by Pridgen*, 2022 MSPB 31, ¶ 47. However, for the reasons described above, the appellant failed to prove that his EEO activity was a but-for cause of the agency's decision to continue the indefinite suspension.[16]

The parties' remaining arguments are unavailing.

¶22      The parties make a number of additional arguments on review, which we have considered, but a different outcome is not warranted. For instance, the agency asserts that it is being forced to litigate identical claims in two separate legal fora based on the appellant's decision to file a complaint in U.S. district

---

[15] The appellant contends that the administrative judge failed to mention that the deciding official testified that the email was the "tipping point" in her decision to indefinitely suspend him. PFR File, Tab 12 at 9-10, 25; IAF, Tab 31 at 141 (deposition testimony of the deciding official). However, this argument is not persuasive. The deciding official's testimony reflects that "some employees got concerned" after reading the email, and she affirmed that the "fact of their concern" was a basis for her decision. IAF, Tab 31 at 141 (deposition testimony of the deciding official). The deciding official explained that the email "sort of highlighted or sort of set in motion or brought to the forefront the fact that people were concerned." *Id.* (deposition testimony of the deciding official). The deciding official further explained that the email "definitely tipped the scale and made people more concerned" because "people [who] were concerned or [who] may have not been quite as concerned about some of the things he said until the email, which made them think back on some of the things he had said." *Id.* (deposition testimony of the deciding official). The deciding official also emphasized that some of the appellant's female coworkers were so concerned after reading the email that they requested to go home. *Id.* at 141-42 (deposition testimony of the deciding official). Thus, the deciding official's testimony, in context, reveals that the email itself was not the tipping point; rather, it was the concern and/or fear expressed by other agency employees after reading the email that was the tipping point in her decision to suspend the appellant in the first place.

[16] If the appellant wishes to pursue any "injunctive or other forward-looking relief" he believes the Board may be authorized to order because we have found that he proved by preponderant evidence that his EEO activity was a motivating factor in the agency's decision, *Babb*, 140 S. Ct. at 1178, he should file a request with the Western Regional Office.

court in August 2015, four months after he filed this appeal challenging the continuation of the indefinite suspension. PFR File, Tab 1 at 26-29 (discussing *Williams v. Equal Employment Opportunity Commission*, 75 M.S.P.R. 144 (1997)). Additionally, the appellant argues that the administrative judge should have considered his disability discrimination claim or that the Board should address this claim on its own motion. PFR File, Tab 12 at 14-24. The parties' arguments are identical to the arguments that were made in the 0230 matter and were addressed by the Board in its final order. Accordingly, we incorporate by reference those findings and conclude that the parties' arguments do not warrant a different outcome.

We dismiss this appeal as moot.

¶23     The Board, in its final order in the 0230 appeal, ordered the agency to cancel the indefinite suspension at issue here, pay the appellant back pay and interest, and provide other appropriate benefits. Because we have affirmed the administrative judge's finding that the agency improperly continued the suspension after its receipt of the FFD report, and we conclude that the appellant did not prove his affirmative defenses related to the continuation of the indefinite suspension, he is not entitled to any further relief. Accordingly, because there is no further relief that could be provided to the appellant, this appeal is dismissed as moot. *See Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[17]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[17] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[18]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[18]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  /s/ for

                                               Jennifer Everling
                                               Acting Clerk of the Board

Washington, D.C.