# United States Court of Appeals for the Federal Circuit

2006-3340

ROBERT S. RHODES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Elaine Kaplan, Senior Deputy General Counsel, National Treasury Employees Union, of Washington, DC, argued for petitioner. With her on the brief were Gregory O'Duden, General Counse, L. Pat Wynns, Associate General Counsel, and Robert H. Shriver III., Assistant Counsel.

Raymond W. Angelo, Acting Associate General Counsel, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3340

ROBERT S. RHODES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 23, 2007

_____

Before BRYSON and LINN, <u>Circuit Judges</u>, and ROBINSON, <u>District Judge</u>.[*]

LINN, <u>Circuit Judge</u>.

Robert S. Rhodes ("Rhodes") seeks review of the final decision of the Merit Systems Protection Board ("Board"), <u>Rhodes v. Dep't of Homeland Sec.</u>, No. NY-0752-06-0015-I-1 (M.S.P.B. June 2, 2006) ("<u>Final Decision</u>"), which dismissed Rhodes's appeal challenging the Department of Homeland Security's ("agency's") failure to restore Rhodes to duty after an acquittal of criminal charges that formed the basis of his indefinite suspension from the agency.  Because the AJ erred in determining that it lacked jurisdiction over Rhodes's appeal, we reverse and remand.

---

[*]     Honorable Sue L. Robinson, Chief Judge, United States District Court for the District of Delaware, sitting by designation.

## I. BACKGROUND

The facts are not disputed. Rhodes was employed as a Customs and Border Protection Officer with the agency when he was indicted on charges of a felony violation of 18 U.S.C. § 242 in the United States District Court for the Western District of New York. On July 27, 2004, the agency proposed that Rhodes be indefinitely suspended. Suspensions are temporary by definition, see 5 U.S.C. § 7501(2), and an indefinite suspension is one that "continues for an indeterminate period of time and ends with the occurrence of the pending conditions set forth in the notice of action," 5 C.F.R. § 752.402(e). The July 27, 2004 notice of action proposed suspension "pending further investigation and/or resolution of the criminal charges." In a final decision notice dated August 4, 2004, the agency effected Rhodes's indefinite suspension beginning August 6, 2004. The final decision notice also informed Rhodes that he could either file an appeal with the Board or request that the National Treasury Employees Union invoke arbitration on his behalf under the collective bargaining agreement, but that he could only select one avenue and that his election would be final on the date any complaint or appeal was filed.

On September 1, 2004, the union invoked arbitration under the collective bargaining agreement to challenge the imposition of the indefinite suspension. The parties later agreed to hold the arbitration in abeyance pending the outcome of the criminal case in the Western District of New York. On or about September 8, 2005, a jury found Mr. Rhodes not guilty of the criminal charges. The union withdrew its invocation of arbitration on October 12, 2005.

On October 14, 2005, Rhodes filed an appeal with the Board to challenge the agency's failure to promptly terminate the indefinite suspension and restore him to duty after his acquittal. The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that Rhodes was precluded from seeking Board review under 5 U.S.C. § 7121(e)(1) because he had elected to challenge the indefinite suspension through the negotiated grievance procedures.

In considering the agency's motion, the administrative judge ("AJ") noted that Rhodes "is not seeking Board review of the merits of the agency's decision to indefinitely suspend him. Instead, he is challenging the agency's alleged failure to end the indefinite suspension and return him to duty." Rhodes v. Dep't of Homeland Sec., No. NY-0752-06-0015-I-1, slip op. at 4 (M.S.P.B. Feb. 10, 2006) ("Initial Decision"). The AJ determined, however, that such a challenge is only properly before the Board as a petition for enforcement of a prior Board decision on the merits of the imposed suspension. Id., slip op. at 6 ("[T]he Board has held that any subsequent appeal filed by the appellant after resolution of the criminal charges, challenging the agency's failure to end the indefinite suspension upon the occurrence of the condition subsequent, is treated as a petition for enforcement of the initial decision finding the agency had articulated a valid condition subsequent."). The AJ then concluded that "an election to grieve the reasons for the indefinite suspension through the negotiated grievance procedure would include any subsequent action challenging the agency's alleged failure to end the indefinite suspension pursuant to the stated condition subsequent." Id., slip op. at 7. Accordingly, the AJ dismissed Rhodes's appeal for lack of jurisdiction. Id., slip

op. at 8.  The Board denied review, and the decision became final.  <u>Final Decision</u>, slip op. at 2.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.  DISCUSSION

The question of the Board's jurisdiction is a legal issue that we address without deference.  <u>Yates v. MSPB</u>, 145 F.3d 1480, 1483 (Fed. Cir. 1998).  Section 7121 provides, in relevant part, that "[m]atters covered under sections 4303 and 7512 of this title which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both."  5 U.S.C. § 7121(e).  Rhodes argues that the imposition of an indefinite suspension and the failure to terminate that indefinite suspension are not the same "matter" according to 5 U.S.C. § 7121(e).  We agree.

The distinction between the proper imposition of an indefinite suspension and the proper continuation of that indefinite suspension is demonstrated by the nature of the inquiries involved on review.  An indefinite suspension longer than fourteen days is an adverse agency action subject to the requirements of 5 U.S.C. § 7513.  <u>See</u> <u>Dunnington v. DOJ</u>, 956 F.2d 1151, 1153 (Fed. Cir. 1992).  To properly suspend an employee with less than 30 days notice, that statute requires that "the agency must have reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment could be imposed, 5 U.S.C. § 7513(b)(1), and the suspension must promote the efficiency of the service, 5 U.S.C. § 7513(a)."  <u>Morrison v. NSF</u>, 423 F.3d 1366, 1368 (Fed. Cir. 2005) (citing <u>Dunnington</u>, 956 F.2d at 1155).  Where—as here— the employee has been indicted for a crime for which a sentence of imprisonment may

be imposed and the nature of the crime relates to the employee's ability to perform his or her duties, the requirements of section 7513 will have been met. Richardson v. U.S. Customs Serv., 47 F.3d 415, 419 (Fed. Cir. 1995); see also Pararas-Carayannis v. Dep't of Commerce, 9 F.3d 955, 957 (Fed. Cir. 1993); Dunnington, 956 F.2d at 1155. An inquiry into the propriety of an agency's imposition of an indefinite suspension looks only to facts relating to events prior to suspension that are proffered to support such an imposition. Facts and events that occur after the suspension has been imposed have no bearing on such an inquiry. See Richardson, 47 F.3d at 421 (noting that an otherwise proper imposition of an indefinite suspension "is not made invalid by a later determination that the alleged criminal conduct was not conclusively established").

An inquiry into the propriety of an agency's failure to terminate an indefinite suspension, however, is a different matter and does look to facts and events that occur after the suspension was imposed. Although an exact duration for an indefinite suspension may not be ascertainable, a condition subsequent must exist that terminates the suspension. See 5 C.F.R. § 752.402(e); see also 5 U.S.C. § 7501(2). Once the condition subsequent has occurred, the agency must terminate the suspension within a reasonable amount of time. See Richardson, 47 F.3d at 419; Dunnington, 956 F.2d at 1156; Engdahl v. Dep't of the Navy, 900 F.2d 1572, 1578 (Fed. Cir. 1990). The inquiry in such a case therefore looks to whether an identified condition subsequent has occurred after the suspension was imposed and whether the agency acted within a reasonable amount of time to terminate the suspension.

Here, Rhodes does not dispute that the agency complied with the requirements of section 7513 or that the imposition of the indefinite suspension was proper. Instead,

Rhodes appeals to the Board alleging that it was improper to continue the indefinite suspension for more than 60 days after his acquittal with no administrative action proposed against him. As discussed above, the inquiry presented by such an appeal is entirely different from the inquiry presented by an appeal from the imposition of an indefinite suspension. Board decisions recognize that distinction and have allowed employees to appeal the continuation of an indefinite suspension without requiring a challenge to the suspension's imposition. See Hofmann v. Dep't of Agric., 31 M.S.P.R. 399, 401 (1986) ("[A]ppellant should not be foreclosed from challenging the continuing nature of the suspension now because he recognized that an earlier challenge would waste his, the agency's, and the Board's time and resources and that appellant is entitled to challenge the continuation of the indefinite suspension in light of the changed circumstances."); see also White v. USPS, 58 M.S.P.R. 22, 24–25 (1993). That is because the agency's suspension in such a case—though proper when imposed—becomes improper after an identified condition subsequent has occurred. See White, 58 M.S.P.R. at 25 ("We conclude that the appellant here also acted properly in awaiting the disposition of his criminal charge, and the agency's decision on whether to reinstate him, before bringing his appeal. Indeed, as he argues, until these events transpired, he had nothing to appeal, in that the initial imposition of the suspension was proper."); see also Richardson, 47 F.3d at 421–22 ("When, as here, the summary suspension is based on an indictment for a crime of which the employee is acquitted, the date of the acquittal clearly marks a date at which the agency no longer can maintain that it has reasonable grounds for summary suspension. The reason for the summary suspension disappears at that point, and, absent separate administrative proceedings on which to base an

independent adverse action, the employees are entitled to reinstatement with pay as of that time." (footnote omitted)).  The Board's treatment of these cases acknowledges that the agency's failure to terminate an indefinite suspension after a condition subsequent is a separately reviewable agency action.  We therefore conclude that the matter raised by an appeal from the imposition of an indefinite suspension is not the same as the matter raised by an appeal from the continuation of an indefinite suspension.  As a result, Rhodes's election to grieve the former does not preclude an appeal to the Board of the latter.

The government argues that Bonner v. Merit Systems Protection Board, 781 F.2d 202 (Fed. Cir. 1986), defined the term "matter" in section 7121 as the underlying personnel action, of which there is only one in this case.  In Bonner, the government argued that the term "matter" in 5 U.S.C. § 7121(a) refers only to appeals from an agency's action, not the underlying agency action itself.  781 F.2d at 204.  We rejected that interpretation and held that the term "matter" embraced both an underlying agency action and an appeal from that action.  Id. at 204–05.  Contrary to the government's argument, nothing in Bonner limited the definition of "matter" to the underlying personnel action that was taken.  The Board treats an agency's failure to terminate an indefinite suspension as a separately reviewable action from the agency's imposition of that indefinite suspension even though both agency actions concern the same personnel action.  See White, 58 M.S.P.R. at 24–25; Hofmann, 31 M.S.P.R. at 401.  Therefore, an analysis of "matter" in the context of 5 U.S.C. § 7121(e) that looks to the underlying agency action that is being appealed—not the underlying personnel action—does not conflict with our decision in Bonner.

Because an appeal from an agency's failure to terminate an indefinite suspension involves a different inquiry than an appeal from an agency's imposition of an indefinite suspension, and because the Board's own decisions treat the former as a new matter, the AJ erred in dismissing Rhodes's appeal for lack of jurisdiction under 5 U.S.C. § 7121.

## III.  CONCLUSION

For the foregoing reasons, we reverse the Board's dismissal for lack of jurisdiction.  We note, however, that the Board expressly declined to address the timeliness of Rhodes's appeal.  That issue may therefore be addressed by the Board on remand.

<u>REVERSED AND REMANDED</u>