# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANIEL P. DAVIS, | DOCKET NUMBER |
| Appellant, | PH-0752-16-0127-I-3 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 13, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph J. Chester, Esquire, Pittsburgh, Pennsylvania, for the appellant.

Daniel E. Ellenbogen, Esquire, Arlington, Virginia, for the agency.

Thao T. Pham, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant was the Postmaster of Pittsburgh, Pennsylvania. *Davis v. U.S. Postal Service*, MSPB Docket No. PH-0752-16-0127-I-1, Initial Appeal File (IAF), Tab 5 at 50. In December 2014, the agency's Office of Inspector General (OIG) initiated an investigation into allegations that the appellant had opened Express Mail packages, without authorization, at post offices in the Pittsburgh area. IAF, Tab 4 at 70. On June 29, 2015, one of the OIG investigators presented his findings to detectives from the Allegheny District Attorney's Office. IAF, Tab 5 at 10. The detectives then interviewed various Postal Service employees who had witnessed the appellant's alleged misconduct. *Id.*

¶3     On September 15, 2015, the appellant was arrested and charged with four counts of intimidation of witnesses or victims, four counts of criminal coercion,

four counts of official oppression, and one count of obstructing the administration of law or other Government function. *Id.* at 5-48. The four counts of intimidation were felony charges and the remaining counts were misdemeanor charges. *Id.* Each charge was punishable by imprisonment. IAF, Tab 4 at 35-36. The charges alleged that the appellant threatened and/or intimidated subordinate employees who had observed him opening Express Mail packages in violation of Federal law and agency regulations, and/or directed them not to report his actions and not to cooperate with law enforcement investigations of his actions. *Id.* Following a September 30, 2015 preliminary hearing, a Magisterial District Judge ordered the appellant to stand trial on all charges. *Id.* at 51-65.

¶4       On October 20, 2015, the agency proposed the appellant's indefinite suspension based on reasonable cause to believe that he was guilty of a crime punishable by imprisonment. *Id.* at 35-38. The appellant responded to the proposal both orally and in writing. *Id.* at 26-33. Effective November 27, 2015, the agency indefinitely suspended the appellant pending the disposition of the criminal charges and any resulting administrative action. *Id.* at 20-24.

¶5       The appellant filed a Board appeal of the indefinite suspension and requested a hearing. IAF, Tab 1 at 2. The administrative judge twice dismissed the appeal without prejudice pending the resolution of the criminal charges against the appellant, and the appeal was automatically refiled following each dismissal. IAF, Tab 24, Initial Decision; *Davis v. U.S. Postal Service*, MSPB Docket No. PH-0752-16-0127-I-2, Appeal File, Tab 1, Tab 7, Initial Decision; *Davis v. U.S. Postal Service*, MSPB Docket No. PH-0752-16-0127-I-3, Appeal File (I-3 AF), Tab 1.[3]

---

[3] In January 2017, shortly before this appeal was refiled a second time, a jury convicted the appellant of 6 of the 13 counts against him. I-3 AF, Tab 10 at 18-19. In April 2017, he was sentenced to 5 years' probation. *Id.* at 21-22. The agency subsequently removed the appellant for improper conduct and his removal appeal is pending before

¶6    Following a hearing, the administrative judge issued an initial decision affirming the agency's action. 1-3 AF, Tab 32, Initial Decision (ID) at 1, 10. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

### The administrative judge properly sustained the indefinite suspension.

¶7    To establish that an indefinite suspension is valid, the agency must show the following:   (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable. *Henderson v. Department of Veterans Affairs*, 123 M.S.P.R. 536, ¶ 5 (2016), *aff'd*, 878 F.3d 1044 (Fed. Cir. 2017). One of the authorized circumstances for imposing an indefinite suspension is when the agency has reasonable cause to believe an employee has committed a crime for which a sentence of imprisonment could be imposed. *Id*. The appellant argues on review, as he did below, that the agency did not have such reasonable cause and that it also failed to satisfy the third and fourth criteria. PFR File, Tab 1 at 6; I-3 AF, Tab 31. We disagree.

   *Reasonable Cause:*

¶8    The administrative judge found that the Magisterial District Judge's determination that there was sufficient evidence to order the appellant to stand trial on all 13 charges established more than adequate evidence to meet the threshold requirement of reasonable cause. ID at 6 (citing *Dunnington v. Department of Justice*, 956 F.2d 1151, 1157 (Fed. Cir. 1992)). The appellant

---

the Board on review. *Davis v. U.S. Postal Service*, MSPB Docket No. PH-0752-17-0388-I-1, Petition for Review File, Tab 1.

seems to challenge this finding on review, reiterating his argument from below that the agency failed to meet the reasonable cause requirement because his criminal prosecution was "replete with harmful procedural error." PFR File, Tab 1 at 6; I-3 AF, Tab 31 at 6. The administrative judge rejected this argument in the initial decision, correctly finding that the appellant's claim of procedural irregularities in connection with his criminal prosecution is immaterial to the issue in the appeal, the validity of the agency's indefinite suspension. ID at 6 (citing *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380 (Fed. Cir. 2007) (holding that "[a]n inquiry into the propriety of an agency's imposition of an indefinite suspension looks only to facts relating to events prior to suspension that are proffered to support such an imposition")). The appellant's reiteration of his argument that the agency failed to prove reasonable cause is essentially mere disagreement with the administrative judge's explained findings, which does not establish a basis for review. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that mere reargument of issues already raised and properly resolved by the administrative judge below does not establish a basis for review).

¶9      The U.S. Court of Appeals for the Federal Circuit has found that a formal judicial determination made following a preliminary hearing usually provides "more than enough evidence" of possible misconduct to meet the threshold requirement of reasonable cause to suspend. *See Dunnington*, 956 F.2d at 1157. Therefore, given the Magisterial District Judge's order directing the appellant to stand trial on felony and misdemeanor charges, each of which is punishable by imprisonment, the agency clearly had reasonable cause to believe that the appellant had committed a crime for which a sentence of imprisonment could be imposed.

*Ascertainable End:*

¶10     The appellant does not challenge the administrative judge's finding that the indefinite suspension had an ascertainable end, and we agree with that finding.

PFR File, Tab 1; ID at 7. The Board has held that an indefinite suspension may be continued after criminal charges are resolved if the agency has provided advance notice of possible administrative action in the suspension proposal or decision notice and takes action within a reasonable time after the criminal proceedings are concluded. *Camaj v. Department of Homeland Security*, 119 M.S.P.R. 95, ¶ 11 (2012). The appellant's indefinite suspension had an ascertainable end because the agency stated in the decision letter imposing the suspension that the suspension would end following disposition of the criminal charges against the appellant, followed by the expiration of a reasonable amount of time while the agency decided the appropriate administrative action to take based on the disposition of the criminal charges. IAF, Tab 4 at 23. Moreover, the agency terminated the appellant's indefinite suspension effective February 27, 2017, approximately 6 weeks after his conviction. I-3 AF, Tab 22 at 4.

*Nexus:*

¶11    The administrative judge found that, given the nature of the criminal charges against the appellant, it is clear that the agency established a nexus between the criminal charges and the efficiency of the service. ID at 7-8. The appellant challenges this finding on review, reiterating his argument from below that the agency could not prove nexus due to the "non-public nature of [his] actual administrative duties" and the lack of any "competently proven" media disclosure. PFR File, Tab 1 at 6; IAF, Tab 31 at 5.

¶12    This argument is unavailing. Contrary to the appellant's assertion, his alleged misconduct was disclosed by the media, as it was the subject of multiple news reports that identified him as a Postmaster for the agency. IAF, Tab 4 at 40-49; *see Jones v. Government Printing Office*, 13 M.S.P.R. 365, 369 (1982) (affirming the administrative judge's conclusion that nexus was shown because the appellant's continued presence in the workplace would affect the agency's reputation, given that the pending criminal action against her received widespread notoriety). Further, as the administrative judge noted, the four felony counts of

witness intimidation were based on the appellant's interactions with four subordinate employees. ID at 7-8; IAF, Tab 5 at 6, 15, 24, 33. Consequently, the administrative judge found, and we agree, that the appellant's actions adversely affected his coworkers' job performance. ID at 8. The administrative judge also correctly found that the appellant's conduct adversely affected the agency's trust and confidence in the appellant, as well as the agency's mission. *Id.* Given these circumstances, we agree with the administrative judge that there is a nexus between the appellant's alleged criminal conduct and the efficiency of the service.

*Penalty:*

¶13    On review, the appellant argues that, in finding that an indefinite suspension was a reasonable penalty, the administrative judge failed to accord sufficient weight to his 14 years of service with the U.S. Marine Corps, his heroic and honorable military service, and his 20 years of "exemplary service" with the agency. PFR File, Tab 1 at 6. The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). Relevant factors include the nature and seriousness of the offense and its relation to the employee's duties; the employee's past disciplinary record; the employee's past work record, including length of service and performance on the job; and the effect of the offense upon supervisors' confidence in the employee's ability to perform his assigned duties. *Id.* at 305-06. Not all of the factors will be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Id.* at 306. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the agency clearly exceeded the bounds of reasonableness in determining the penalty. *Id.*

¶14    The decision letter and the deciding official's hearing testimony, as summarized in the initial decision, demonstrate that he considered the relevant

*Douglas* factors in making his penalty determination, including the nature and seriousness of the offense and its relation to the appellant's duties. IAF, Tab 4 at 22; ID at 8-9. In that regard, the deciding official found that the criminal charges against the appellant were serious and bore directly and substantially on his employment. IAF, Tab 4 at 22. The deciding official also considered the publicity surrounding the criminal charges, and his loss of confidence in the appellant's ability to continue working in any capacity. *Id.*; ID at 9 (citing I-3 AF (hearing testimony of the deciding official)). The deciding official considered the appellant's lengthy service, the absence of prior discipline, and his acceptable performance prior to his arrest as mitigating factors, but found that they were insufficient to outweigh the seriousness of the criminal charges. IAF, Tab 4 at 22.

¶15    In the initial decision, the administrative judge found that the penalty of indefinite suspension was reasonable because the charges against the appellant were serious and directly related to his duties as Postmaster. ID at 9. Recognizing that the Board must accord proper deference to the agency's primary discretion in managing its workforce, we see no reason to disturb this finding. *See Douglas*, 5 M.S.P.R. at 306. Thus, we agree with the administrative judge that the agency established all the elements necessary to sustain the appellant's indefinite suspension. ID at 5-10.

The appellant has failed to show that the administrative judge abused her discretion in her discovery and witness rulings.

¶16    On review, the appellant contends that the administrative judge improperly denied his motion to compel discovery, including his motion to compel the depositions of five agency employees. PFR File, Tab 1 at 5; I-3 AF, Tabs 4-6, 9. He also argues that the administrative judge erred in only partially granting his motion to compel the deposition of the OIG agent who provided law enforcement officials with information about the appellant, and in severely limiting the agent's deposition and trial testimony. PFR File, Tab 1 at 5; I-3 AF, Tab 9. He further

alleges that the administrative judge improperly denied six of his eight witness requests.  PFR File, Tab 1 at 5; I-3 AF, Tab 12 at 5-6, Tab 15 at 3.

¶17    An administrative judge has wide discretion to exclude evidence and witnesses when it has not been shown that such evidence and testimony would be relevant, material, and nonrepetitious.  *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); *see* 5 C.F.R. § 1201.41(b)(3), (6), (10).  The Board will not reverse an administrative judge's rulings on discovery matters, including a motion to compel, absent an abuse of discretion.  *Fox*, 120 M.S.P.R. 529, ¶ 42.

¶18    Based on our review of the record, we find that the appellant has not shown the administrative judge abused her discretion in denying his motion to compel or his witness requests.  In his petition for review, the appellant merely asserts that the administrative judge erred in denying his motion to compel; he does not specify why he believes the administrative judge abused her discretion in denying that motion.  PFR File, Tab 1 at 5.  As for the administrative judge's witness rulings, the administrative judge denied six of the appellant's eight witness requests based on her finding that the proposed witnesses would not provide relevant testimony.  I-3 AF, Tab 15 at 3.  The appellant has not shown that any of the excluded witnesses would have provided testimony that was relevant, material, or nonrepetitious.  Thus, we find no basis to reverse the administrative judge's rulings.

¶19    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                      /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.