# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT M. MILLER,
         Appellant,

      v.

FEDERAL DEPOSIT INSURANCE
  CORPORATION,
         Agency.

DOCKET NUMBER
DC-0752-20-0790-I-1

DATE: May 16, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert M. Miller</u>, Fairfax, Virginia, pro se.

<u>Aaron Wade Norman</u>, Arlington, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1     The agency has filed a petition for review of the initial decision, which made the following findings: (1) the appellant is not entitled to corrective action in the individual right of action (IRA) appeal; and (2) in the indefinite suspension appeal, the agency properly imposed the indefinite suspension, the indefinite

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

suspension should have ended on April 8, 2021, and the appellant did not prove any of his affirmative defenses.  For the reasons discussed below, we GRANT the agency's petition for review.  We AFFIRM the administrative judge's finding that the agency properly imposed the indefinite suspension and the appellant did not prove any of his affirmative defenses in the indefinite suspension appeal.  We VACATE the administrative judge's finding that the April 8, 2021 letter satisfied the condition subsequent and the agency should have ended the indefinite suspension on April 8, 2021.  Instead, we FORWARD the claim involving the propriety of the continuation of the indefinite suspension to the Washington Regional Office for docketing as a new appeal and adjudication.  We also DENY the appellant's motion for interim relief.  Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On review, the agency argues that the administrative judge erroneously concluded that it improperly continued the indefinite suspension after its receipt of the appellant's physician's April 8, 2021 letter.  *Miller v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-0752-20-0790-I-1, Initial Appeal File (IAF), Tab 55 at 5-6, Tab 65, Initial Decision (ID) at 30-32; Petition for Review (PFR) File, Tab 1 at 5, 11-13.[2]  The agency asserts that it was error for the administrative judge to conclude that the letter was sufficient justification to return the appellant to work "despite obvious questions about the letter's accuracy and reliability" and even though Federal Occupational Health (FOH) medical experts were still evaluating the adequacy of the medical documentation at the time of the hearing.  PFR File, Tab 1 at 5, 16-18.  The agency also asserts that the letter was produced after the deadline passed for submitting exhibits, and the letter itself was never introduced or otherwise accepted as an exhibit.  *Id.* at 5,

---

[2] Because the IRA appeal and indefinite suspension appeal were joined, IAF, Tab 22, we only cite to the 0790 matter.

11-13. Importantly, the agency argues that it was prejudiced by the administrative judge's consideration of the April 8, 2021 letter, particularly after the administrative judge stated that the agency's response to the letter was not relevant during the hearing. *Id.* at 19. The agency contends that, if the administrative judge changed her view about the relevance and admissibility of the letter and the agency's responses thereto, she should have informed both parties that she wished to hear this evidence and given both parties an opportunity to respond and ensure that the record was fully developed on this issue. *Id.* Finally, the agency asserts that it has new evidence, in the form of a May 13, 2021 letter from an FOH Occupational Medicine Consultant, which supports the need for an independent medical examination. *Id.* at 19-20, 29.

<u>We vacate the administrative judge's finding in the indefinite suspension appeal that the appellant satisfied the condition subsequent and the agency should have ended the indefinite suspension on April 8, 2021.</u>[3]

¶3      The imposition of an indefinite suspension and the failure to terminate that suspension after the satisfaction of the condition subsequent[4] are "separately reviewable . . . action[s]." *Rhodes v. Merit Systems Protection Board*, [487 F.3d 1377](#), 1381 (Fed Cir. 2007); *Jones v. Department of the Army*, [111 M.S.P.R. 350](#), ¶¶ 11-12 (2009). "An inquiry into the propriety of an agency's imposition of an indefinite suspension looks only to facts relating to events prior to suspension that are proffered to support such an imposition. Facts and events that occur after the suspension has been imposed have no bearing on such an inquiry." *Rhodes*,

---

[3] Neither party challenged the initial decision's findings regarding the IRA appeal; thus, only the suspension appeal is pending before the Board on petition for review. Additionally, neither party challenged the findings from the initial decision that: (1) the agency properly imposed the indefinite suspension; and (2) the appellant did not prove any of his affirmative defenses related to the imposition of the indefinite suspension. We affirm the administrative judge's findings in this regard.

[4] The parties do not challenge, and we discern no error with, the administrative judge's finding that the indefinite suspension had an ascertainable end, i.e., a determination that the appellant was fit for duty. ID at 29.

487 F.3d at 1380. Conversely, "[a]n inquiry into the propriety of an agency's failure to terminate an indefinite suspension . . . look[s] to facts and events that occur after the suspension was imposed." *Id.* Once a condition subsequent has occurred, "the agency must terminate the suspension within a reasonable amount of time." *Id.* at 1380-81. Thus, "[t]he inquiry in such a case therefore looks to whether an identified condition subsequent has occurred after the suspension was imposed and whether the agency acted within a reasonable amount of time to terminate the suspension." *Id.* at 1381.

¶4      The indefinite suspension appeal before us only involves the imposition of the indefinite suspension, not the continuation of the indefinite suspension following the agency's receipt of the April 8, 2021 letter. We could not find any indication in the record that the administrative judge advised the parties that the continuation of the indefinite suspension was an issue that she intended to adjudicate in addition to the imposition of the indefinite suspension. In fact, in the order and summary of telephonic prehearing conference, the administrative judge stated that "the parties will only be allowed to litigate the issues described [therein]," and nowhere did she indicate in that order that she would adjudicate the continuation of the indefinite suspension. IAF, Tab 56 at 1, 6. Moreover, the administrative judge's statements during the hearing buttress the conclusion that the issue of the continuation of the indefinite suspension was not before her. In pertinent part, the agency attorney asked the administrative judge during the hearing if she wanted evidence about the agency's decision after it receives FOH input. Hearing Transcript (HT) 1 at 248. The administrative judge stated that such evidence was "not relevant at this point because it's not an action that's occurred." *Id.* The administrative judge acknowledged that "it might moot out the action down the road," but it "ha[d] no bearing upon the case [that day]." *Id.*

¶5      Because the imposition of the indefinite suspension is the only issue before us in the indefinite suspension appeal, we conclude that the administrative judge erred when she sua sponte considered the April 8, 2021 letter in the initial

decision,[5] decided that the letter satisfied the condition subsequent, and concluded that the agency should have terminated the indefinite suspension on this date. We therefore vacate the administrative judge's findings in this regard. Because the parties are entitled to notice and an opportunity to present evidence and argument on the propriety of the agency's decision to continue the indefinite suspension, and any related affirmative defenses, we forward this claim to the Washington Regional Office for docketing as a new appeal and adjudication.[6]

We deny the motion for interim relief.

¶6        Because the appellant was the prevailing party below with respect to the continuation of the indefinite suspension, the initial decision should have contained a statement on interim relief. 5 C.F.R. § 1201.111(b). Because interim relief was not explicitly addressed in the initial decision, the appellant became entitled to interim relief by operation of statute. *See* 5 U.S.C. § 7701(b)(2)(A); *Stewart v. Department of Transportation*, 2023 MSPB 18, ¶ 10. The appellant raises this issue in a "Motion for Interim Relief," which he filed after the close of the record on review. PFR File, Tab 5. However, a "Motion for Interim Relief" is not contemplated in the Board's regulations. *See Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 6 ("[T]he Board's regulations do not allow for a petition for enforcement of an interim relief order."). Nor did the appellant file a timely request for dismissal under 5 C.F.R. § 1201.116(d), which states that if an agency has not provided "required interim relief," the appellant must file a request for dismissal of the agency's petition for review within 25 days of the date of the

---

[5] The agency correctly notes that the April 8, 2021 letter was not admitted into evidence during the hearing or at any time before the record closed, the administrative judge previously advised the parties that she would "not consider any exhibits that [were] not moved and/or entered into the record at the hearing," and she never ruled on the appellant's motions to supplement his hearing exhibits. HT 1 at 4; HT 2 at 4, 297; IAF, Tab 55, Tab 56 at 19-20, Tab 62.

[6] We take no position on whether the April 8, 2021 letter satisfied the condition subsequent or whether the agency improperly continued the indefinite suspension after its receipt of this letter.

service of the agency's petition. Furthermore, even if we were to construe this filing as a challenge to the agency's certification of compliance under 5 C.F.R. § 1201.116(b), we would decline to consider it on the basis that it was untimely filed. *See Harding v. Department of Veterans Affairs*, 115 M.S.P.R. 284, ¶ 9 (2010), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011).[7] Likewise, to the extent that this motion could be considered as a cross petition for review, we would decline to consider it because it would be untimely under 5 C.F.R. § 1201.114(e).

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] We note that pursuant to 5 C.F.R. § 1201.116(g), if the initial decision granted the appellant interim relief, but the appellant is not the prevailing party in the final Board order disposing of a petition for review, and the appellant believes that the agency has not provided full interim relief, the appellant may seek to file an enforcement petition with the regional office under 5 C.F.R. § 1201.182. Upon our issuance of this final Board order, the appellant may file a petition for enforcement with the regional office if he still believes the agency has not provided full interim relief. 5 C.F.R. § 1201.116(g).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.