**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARL SCHULTE,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0752-19-0567-I-1

DATE: March 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan V. Edmunds, Esquire, and Joseph D. Jordan, Esquire, Ponte Vedra
    Beach, Florida, for the appellant.

James S. Yu and Stephanie Rogers, Norco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

      The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension based on the suspension of his access to classified information. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In the initial decision, the administrative judge affirmed the agency action indefinitely suspending the appellant based on a preliminary determination by the Department of Defense Consolidated Adjudication Facility (DOD CAF) to revoke the appellant's eligibility to access classified information and/or assignment to duties that have been designated national security sensitive. Initial Appeal File (IAF), Tab 10 at 30-32, Tab 14 at 60-66. After the record closed on petition for review, the appellant submitted a November 6, 2020 decision from the Personnel Security Appeals Board stating that it would direct DOD CAF to reinstate the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive. Petition for Review (PFR) File, Tab 6 at 5. Because this argument created questions regarding whether the indefinite suspension was properly ended, the Office of the Clerk of the Board issued an order. PFR File, Tab 7; *see Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380 (Fed. Cir. 2007); *Freeze v. Department of the Navy*, 122 M.S.P.R. 179, ¶ 10 (2015). In response, the appellant explained that he had been returned to work effective December 10, 2020. PFR File, Tab 8 at 4-5, 11-12. In its untimely response, which under the circumstances we are

considering,[2] the agency explains that it canceled the appellant's indefinite suspension and restored him to a pay status effective November 6, 2020, and restored him to duty in December 2020.

At no point has the appellant argued that the agency improperly failed to end his indefinite suspension. Moreover, the agency's submission in response to the order shows that the agency promptly canceled the indefinite suspension and restored the appellant to a pay status. Thus, we decline to consider further whether the agency properly ended the indefinite suspension.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

_____

[2] In its September 8, 2021 response to the Office of the Clerk of the Board's March 16, 2021 Order, the agency explains that it received the order by mail on August 27, 2021, "for reasons unknown." PFR File, Tab 10 at 4. The current agency representative seems to imply that he believed that the previous agency representative had registered as an e-filer. *Id.* Although the agency's previous representatives were registered as e-filers at one point, one of the representatives elected to receive documents by mail, and under the Board's regulations, "[w]hen a party has more than one representative, however, all representatives must choose the same method of service." 5 C.F.R. § 1201.14(e)(3) (2021). The notice of termination of e-filer status informed the individual who withdrew his e-filer status that he was also withdrawing that status of all of the agency representatives. IAF, Tab 29 at 2. Because the agency submission is not relevant to the matter that is the gravamen of this appeal and only supports a finding that the agency properly ended the indefinite suspension, a matter never raised by the appellant, we have considered the submission in deciding not to raise the new issue of whether the suspension was properly ended. *Cf. Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010) (finding that a question of the Board's jurisdiction can be raised at any time).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.